State *v.* DeGraffenreid.

═══════════════

THE STATE *v.* BEN. DEGRAFFENREID and JNO. ATKINS.

CRIMINAL LAW. *Burglary. Larceny.* A conviction for burglary with intent to commit larceny, is a bar to an indictment for commission of the larceny.

FROM SHELBY.

Appeal from the Bartlett Circuit Court. J. E. R. RAY, Judge.

State *v.* DeGraffenreid.

Attorney-General Heiskell for the State.

C. R. Barteau and W. Wallace for defendants.

Deaderick, C. J., delivered the opinion of the Court.

This was an indictment for larceny. The defendants pleaded former conviction, upon an indictment for burglary, with intent to commit larceny, and judgment of three years' confinement in the penitentiary, and that said judgment remains in full force and effect, and not reversed or made void; and that said larceny charged in the case, upon which they were convicted, is the same upon which they are now charged, etc. To this plea the State replied, admitting the truth of the facts pleaded. To this replication defendants demurred.

The facts pleaded are admitted by the State, and the question presented is, can the State, at the election of her attorney-general, make two offenses out of one and the same transaction? There are cases holding the affirmative of this proposition. In 1 Bish. Cr. Law, sec. 893, an Indiana case is cited as sustaining the proposition that an acquittal of burglary with intent to commit a larceny, is no bar to a subse-prosecution for the actual commission of the larceny; and a Connecticut case holding that a conviction for larceny is no bar to an indictment for burglary with intent to commit the larceny. But C. Justice Waite says, in dissenting opinion: " I take it to be a sound rule of law, founded upon the plainest principles of natural justice, that where a criminal act has been

State *v.* DeGraffenreid.

committed, every part of which may be alleged in a single count of the indictment, and proved under it, the act cannot be split' into several distinct crimes, and a separate indictment sustained on each; and whenever there has been a conviction on one part, it will operate as a bar to any subsequent proceedings as to the residue." And again he says: " Whenever in any criminal transaction, a felonious intent is essential to render it a crime, and without proof of which no conviction can be had, two informations founded upon the same intent cannot be maintained."

We think this reasoning is sound, in burglary with intent to commit larceny; and in larceny itself, it is essential that the felonious intent should be proved; and it is this intent, which is the same in both cases, that constitutes a material element of crime in each; and when punished in one case, it would be to punish twice for one offense, if on a subsequent trial and conviction, an essential part of the criminal act first punished, also constituted an essential part of the criminal act last punished. For an assault a party may be indicted, so he may be for a battery; but a conviction for an assault bars a conviction for the battery, as the assault is an essential element in the battery, and part of it. In North Carolina and in Georgia, it has been held, that where on an indictment for burglary with intent to commit a larceny, a conviction has been had, a conviction for the actual larceny, being the same transaction, cannot be maintained. And this we think the better and sounder rule.

19—VOL. 9.

The circuit judge sustained defendants' demurrer to the replication of the attorney-general to his plea, and sustained the plea of former conviction and discharged the defendants from this prosecution, and we affirm the judgment.