STATE of Tennessee, Plaintiff-Appellee,

v.

James Lee DAVIS, Defendant-Appellant.

Supreme Court of Tennessee.

March 9, 1981.

William M. Leech, Jr., Atty. Gen., John C. Zimmerman, Asst. Atty. Gen., Nashville, Elmer Davies, Dist. Atty. Gen., Franklin, for plaintiff-appellee.

C. Dewees Berry, IV, Franklin, for defendant-appellant.

## OPINION

DROWOTA, Justice.

### I.

We granted certiorari in this case to clarify Tennessee law as to whether a defendant can be separately convicted and punished for burglary and grand larceny when the offenses arise out of the same criminal episode. Questions of procedure are also raised.

The defendant was arrested in the act of aiding the burglary and larceny of an auto parts store in Williamson County. The indictment contained only a single count, charging him with both burglary and larceny. The trial judge charged the jury with the elements of each offense, and added:

> You may find the defendant guilty of any one charge contained or included in the indictment, but there can be only one conviction of the defendant under this indictment.

The verdict was returned in this manner:

> MR. FOREMAN: We the jury being citizens of Williamson County find the defendant, James Lee Davis, guilty of the crime of third degree burglary and grand larceny. We fix his sentence to be a term in the State Penitentiary of not less than four (4) years and not greater than eight (8) years.
>
> COURT: All right, I declare that to be a good verdict of guilty—a general verdict of guilty as charged which he is guilty of the maximum charge which is third degree burglary only. Because— the law doesn't—as I understand it, permit a double conviction, but it's—if they find him guilty of third degree burglary, which they have done by their verdict, then the rest of it is surplus.

The State made no objection to the judgment as rendered by the trial judge, either at trial or in a subsequent motion for a new trial. It first raised the burglary-merger issue before the Court of Criminal Appeals. That court held that the trial judge had used the merger rule as most often cited from *Cronin v. State*, 113 Tenn. 539, 82 S.W. 477 (1904). It then pointed out that a number of recent cases, including *Greer v. State*, 539 S.W.2d 855 (Tenn.Cr.App.1976) and *Petree v. State*, 530 S.W.2d 90 (Tenn. Cr.App.1975), had overruled *Cronin*. After holding that burglary and larceny are not merged, the Court of Criminal Appeals affirmed the burglary conviction and reinstated the jury verdict on the larceny charge, setting the punishment for the larceny conviction at the statutory minimum, subject to the approval of the State. The case was remanded to the trial court for a determination of whether the sentences for grand larceny and third degree burglary should run concurrently or consecutively.

## II.

■ Defendant challenges the State's right to obtain appellate review of the merger question without first bringing it to the attention of the trial judge. However, this is not a question of lack of jurisdiction, as would occur for failure to file a motion for new trial [see *Massey v. State*, 592 S.W.2d 333 (Tenn.Cr.App.1979)] or to timely file a mandatory notice or other prerequisite to appellate review. Here, jurisdiction was conferred by virtue of defendant's motion for new trial and appeal. In our view, the resolution of the merger issue is necessary "(1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process." Rule 13(b), Tennessee Rules of Appellate Procedure. Furthermore, in light of the ultimate disposition of this case, review of the merger issue does not adversely affect the defendant.

Two distinct theories have supported the Tennessee rule merging burglary and larceny convictions arising out of the same criminal episode. The same transaction theory has its genesis in Tennessee law in *State v. DeGraffenreid*, 68 Tenn. 287 (1878). In *DeGraffenreid*, the State charged the defendant with one count of burglary with intent to commit larceny and one count of larceny, both counts arising out of the same criminal episode. The Court held that the State could not make two offenses out of this transaction, relying on language from the dissent of an uncited Connecticut opinion to the following effect:

> Whenever in any criminal transaction, a felonious intent is essential to render it a crime, and without proof of which no conviction can be had, two informations founded upon the same intent cannot be maintained.

*DeGraffenreid* found that this common intent was a "material element of crime" in each offense. *Id.* at 289.

The second theory supporting the burglary-larceny merger rule was set out in *Cronin v. State*, 113 Tenn. 539, 82 S.W. 477 (1904). *Cronin* also involved convictions on separate counts of burglary and larceny. The court modified the judgment to strike the larceny conviction, stating: "On a conviction under the first count [burglary], the crime averred in the second [larceny] would be included." *Id.* at 478. *Cronin* therefore did not explicitly rely on the same transaction theory of *DeGraffenreid*, but instead seemed to hold that merger is required because larceny is a lesser included offense of burglary with the intent to commit larceny. Nevertheless, subsequent cases have cited *Cronin* for the same transaction theory also. *See, e. g., Patmore v. State*, 152 Tenn. 281, 277 S.W. 892 (1925); *Carter v. State*, 1 Tenn.Cr.App. 545, 447 S.W.2d 115 (1969).

*Cronin* has been cited as authority for the merger rule as recently as the case of *Marshall v. State*, 497 S.W.2d 761 (Tenn.Cr.App. 1973). Before *Marshall* was decided, however, the lesser included offense rationale of *Cronin* had begun to lose its persuasiveness. Without explicitly holding that larceny is not a lesser included offense of burglary, the Court in *Hindman v. State*, 215 Tenn. 127, 384 S.W.2d 18 (1964), implied as much when it stated:

> The offense for which these men were convicted, burglary in the third degree, is complete when it is shown that they have broken into this building with the requisite intent to take something therefrom which was not theirs. Of course, burglary is not larceny, because larceny may be committed without breaking and entering and is not committed until there is the taking of the property with the requisite intent.
>
> .     .     .     .     .
>
> Burglary, of course, is an offense against the security of the habitation.... It is an offense against the possession rather than against the legal title or the possessor.

384 S.W.2d at 20.

See, also, 13 Am.Jur.2d Burglary § 2; Bassiouni, *Criminal Law and Its Processes*

§ 8.1 (1969); LaFave & Scott, *Criminal Law*, § 96 (1972); 2 Wharton, *Criminal Law and Procedure*, § 406 (Anderson 1957). It remained for the Court in *Petree v. State*, 530 S.W.2d 90 (Tenn.Cr.App.1975) to draw the logical conclusion when it held:

> Burglary is breaking and entering a house or building of another "with the intent to commit of felony." T.C.A. §§ 39–901, 39–903, 39–904. Many cases attest that commission of various felonies other than theft may be a burglar's purpose and intent in breaking and entering a building. It would appear irrefutable, therefore, that larceny is not necessarily a part of or included in the crime of burglary.

*Id.* at 93.

Shortly after *Marshall v. State, supra*, was decided, this Court rejected the same transaction theory in *Duchac v. State*, 505 S.W.2d 237 (Tenn.1973) and *State v. Black*, 524 S.W.2d 913 (Tenn.1975). In determining whether separate offenses could be charged involving the same transaction and intent, the *Black* court did not formulate an inflexible test, but instead said that "each case requires close and careful analysis of the offenses involved, the statutory definitions of the crimes, the legislative intent and the particular facts and circumstances." 524 S.W.2d at 919. *Black* went on to mention certain factors relevant in determining this issue. These factors were succinctly summarized by the Court of Criminal Appeals in *Greer v. State*, 539 S.W.2d 855 (1976), as follows:

> (1) whether the episode or transaction constitutes a violation of two distinct statutory provisions; (2) whether either of the offenses is a necessarily included offense of the other; (3) whether each of the offenses requires proof of a different element; and (4) whether each requires proof of an additional fact which the other does not.

*Id.* at 858.

In *Greer*, the court applied the factors set forth above and held that separate convictions were appropriate for separate

counts of rape and burglary with the intent to commit rape. A similar result obtains when these factors· are applied in the instant case. First, burglary in the third degree (T.C.A. § 39–904) and grand larceny (T.C.A. § 39–4203) are codified in distinct statutory provisions and are intended to protect different interests. Second, neither is a lesser included offense of the other. Finally, after proving either of these offenses, different and additional facts and elements must be shown to prove the other. We therefore hold that when burglary with the intent to commit larceny and larceny are charged arising out of the same criminal transaction, they may result in separate convictions. Anything to the contrary in *DeGraffenreid* and *Cronin* is overruled.

### III.

Although we agree with the holding of the Court of Criminal Appeals on the merger issue, we cannot affirm the action of that court in reinstating the verdict. There is no question but that the jury resolved the issue of guilt or innocence against defendant as to both offenses. The Court of Criminal Appeals apparently therefore treated this case as one in which a valid judgment had been returned as to the burglary conviction and sentence, but as to larceny, the judgment was valid only as to the question of guilt, and not as to punishment. In other cases in which the conviction is held valid on the merits, but punishment is deemed invalid (usually because of prejudicial error at trial such as prosecutor's argument), Tennessee appellate courts have set the punishment on their own at the statutory minimum, pending approval by the State. Disapproval by the State would result in a sentencing hearing in the trial court. See, e. g., *Smith and Beard v. State*, 527 S.W.2d 737, 739 (Tenn.1975), following the oft-cited case of *Huffman v. State*, 200 Tenn. 487, 292 S.W.2d 738 (1956).

The Court of Criminal Appeals used such a procedure.

Nevertheless, in the *Huffman* line of cases, the appellate court is permitted to modify the sentence only when the validity of the conviction is without question. Specifically, in *Huffman* and the cases which follow it, a trial judge had validated the verdict of the jury by approving it in his role as thirteenth juror. Without his approval, the verdict is invalid and reversal is mandatory. *See, e. g., Helton v. State*, 547 S.W.2d 564 (Tenn.1977).[1]

■ In the instant case, the trial judge dismissed rather than approved the guilty verdict on the larceny charge. There was not legally valid verdict which the appellate court could reinstate. We therefore hold that the Court of Criminal Appeals erred in reinstating the larceny conviction and in imposing the minimum statutory punishment.

■ We recognize that even though the verdict on the larceny charge cannot be reinstated by an appellate court, our holding on the merger issue leaves the door open for the State to retry the defendant for larceny. It is apparent from the record, however, that both parties and the trial judge tried the case in reliance on the merger rule of *Cronin*. Thus, although the indictment was duplicitous, the defendant failed to make a pre-trial objection. See Rule 12(b)(2), Tennessee Rules of Criminal Procedure. Similarly, the State passed up its objection to an otherwise improper charge and verdict. In light of this reliance on *Cronin*, we hold that in this case only, burglary and larceny should be treated as merged. The State is therefore barred from further prosecution of this defendant on larceny charges arising out of this criminal episode. Our decision overruling *Cronin* and *DeGraffenreid* is prospective only.

---

1. In *State v. Cabbage*, 571 S.W.2d 832 (Tenn. 1978), this Court overruled *Helton* and the "thirteenth juror" rule, insofar as the rule permitted a retrial of the defendant when the judge disapproved the verdict as based on insufficient evidence. *Cabbage*, however, does not relieve the trial judge of the obligation of approving or disapproving the verdict of the jury. It merely says that jeopardy has attached and further prosecution is barred if the trial judge determines that a guilty verdict of the jury was based on insufficient evidence.

The judgment of conviction for grand larceny is reversed. The judgment of the Court of Criminal Appeals is in all other respects affirmed.

Affirmed in part, reversed in part and remanded.

HARBISON, C. J., and FONES, COOPER and BROCK, JJ., concur.