IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1996 SESSION

FILED

**August 28, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 02C01-9507-CC-00204 |
| | ) | |
| | ) | Chester County |
| v. | ) | |
| | ) | Honorable John Franklin Murchison, Judge |
| | ) | |
| VAUGHN MIXON, | ) | (Direct Appeal/Writ of Error Coram Nobis) |
| | ) | |
| Appellant. | ) | |

**DISSENTING OPINION**


I respectfully disagree with the result reached in the majority opinion by which this case is remanded to the trial court for further proceedings relative to the petition for writ of error coram nobis. I believe that the petition was, and remains, prematurely filed and that we should rule upon the merits of the defendant's appeal in his convicting case.


The case before us presents a consolidated appeal of the defendant's convictions and sentences with his later filed coram nobis petition. The judgments of conviction were entered in March 1995 and both the order denying a new trial and the notice of appeal were entered in April 1995. At that point, the case was within the jurisdiction of the court of criminal appeals. The coram nobis petition was filed in December 1995 and denied in March 1996. The notice of appeal from the denial was filed in April 1996 and this court consolidated the two appeals at the defendant's request.

The majority opinion undertakes only a review of the coram nobis issues. However, I believe that the only justiciable issues before us are those presented in the defendant's appeal of his judgments of conviction.

A writ of error coram nobis may be pursued relative to a criminal case conviction, but it is generally to be governed by the rules and procedure applicable to civil coram nobis cases. T.C.A. § 40-26-105. In this respect, the writ "may be had within one (1) year after the judgment becomes final . . . ." T.C.A. § 27-7-103 (emphasis added). The finality of the judgments before us awaits the outcome of the direct appeal. Thus, a coram nobis writ may not yet issue.[1]

This leaves us to decide the defendant's issues presented in the direct appeal. In that appeal, the defendant asserts the following:

(1) the evidence is insufficient to support the verdict;

(2) it was error to allow both the attempted rape and sexual battery convictions to stand based upon a single touching;

(3) it was error to admit the defendant's prior conviction for sexual battery and error to reject a mistrial when the prosecutor elicited a response from the victim in violation of a prior court order;

(4) it was error to deny a new trial "in light of juror's relationship with victim's mother;"

(5) it was error to deny a new trial because a friend of the victim's family left the courtroom during testimony and reported the testimony to the victim's mother, who was a witness;

(6) the trial court imposed an excessive sentence.

As to the sufficiency of the convicting evidence, the defendant argues nothing to point out any weakness in the proof, and under the appellate review standard, I see no weakness regarding sufficiency. However, I do believe that

---

[1] Contrary to the majority opinion's view that the petition was actually filed too late, I believe it was filed too early.

convictions for both attempted rape and sexual battery should not stand in light of the double jeopardy analysis provided in State v. Denton, 938 S.W.2d 373 (Tenn. 1996). The defendant placing his hand on the victim's inner thigh and making a statement of desire constituted the essential evidence for both offenses. Only one victim was involved and both the attempted rape and sexual battery statutes are intended to deter sexually assaultive conduct. Under these circumstances, the sexual battery conviction should merge into the attempted rape conviction, it involving the greater offense. See State v. Davis, 613 S.W.2d 218, 220 (Tenn. 1981).

As for the state's use of the defendant's 1986 sexual battery conviction for impeachment purposes, the record is somewhat unclear about what actually occurred. The prosecutor sought to introduce three prior Mississippi felony convictions for impeaching the defendant: (1) a 1978 burglary -- three years, (2) a 1986 sexual battery -- ten years, and (3) a 1981 marijuana possession -- one year. The trial court considered the burglary conviction too old and the marijuana conviction of "dubious value" and prohibited their use.

However, after stating that the prosecutor could ask about the sex offense, the trial court discussed the matter with defense counsel in such a way that it indicated that it was ruling that the sexual battery conviction could not be used for impeachment. In fact, the trial court stated that the conviction's prejudicial effect far outweighed its probative value. Also, it stated that it had no intention of allowing the conviction into evidence for the purpose of affecting the defendant's credibility, although it noted that it may allow the conviction substantively under the existing circumstances if they involved issues of motive, intent or the like.

However, after the defendant testified on direct examination, the first question in the state's cross-examination elicited the fact that the defendant was

3

convicted in Mississippi of sexual battery in 1986. There was neither an objection nor a request for a limiting instruction at that time, nor was one given. At the end of the case, the prosecutor argued to the jury that the conviction impeached the defendant's testimony so that he was not to be believed. After closing arguments, the trial court instructed the jury to limit consideration of the conviction in its deliberations to the issue of the defendant's credibility. Finally, I note that at the motion for new trial hearing, the trial court justified the conviction's admission into evidence as impeachment of the defendant's credibility.

Under all of these circumstances, I believe that the record essentially reflects that the trial court admitted the conviction for impeachment purposes and that the defendant adequately preserved the issue for review in the jury-out hearing. In this respect, I believe that the state should not have been allowed to impeach the defendant with the prior sexual battery conviction. In State v. Barnard, 899 S.W.2d 617, 622 (Tenn. Crim. App. 1994), this court concluded that it was error to allow the prosecutor in an aggravated sexual battery case to use a prior conviction for sexual battery for impeaching the defendant. The court noted that the similarity of the charges would create undue prejudice while the prior conviction, itself, had slight probative value regarding the defendant's credibility. The present case involves the same problems and I believe error was committed. Moreover, I believe that the error was harmful in the sense that the case boiled down to the defendant's testimony against the victim's testimony. Obviously, the victim's mother and the deputies' testimony was generally corroborative of the victim's account, particularly her physical and emotional state, but it did not contradict the defendant's account. Thus, I believe that the sex-related convictions should be reversed.

Although the defendant also complains about the trial court's failure to grant a mistrial, his brief does not cite to the record, argue, or otherwise disclose any detail or discussion about the relevant events. This "issue" is waived.

As to the two remaining issues relative to trial error, I see nothing that warrants reversal. As for the claimed improper contact with the juror, the defendant has shown neither impropriety nor prejudice. When a jury is not sequestered, as in this case, the defendant must prove more than just mingling before the burden shifts to the state to prove the lack of prejudice. See State v. Blackwell, 664 S.W.2d 686, 688 (Tenn. 1984). Again, relative to the claimed violation of the witness sequestration rule, see Tenn. R. Evid. 615, although the defendant proved that a friend of the victim's mother, who was a sequestered witness, talked with the victim's mother during trial breaks, there was no evidence of the substance of the conversations. Thus, there is no showing of a violation of the rule.

Finally, as for sentencing, I agree with the defendant that the trial court should not have applied enhancement factor (4), regarding the victim being particularly vulnerable because of her age. The thirteen-year-old victim was able to resist the defendant, summon help, and testify at the trial. The state presented nothing to reflect that she was particularly vulnerable because of some age-related limitation. See, e.g., State v. Poole, 945 S.W.2d 93, 96-98 (Tenn. 1997).

On the other hand, I disagree with the defendant's contention that the trial court should not have applied enhancement factor (15), regarding an abuse of position of private trust, to the attempted incest sentencing. The defendant claims that the factor is an essential element of the attempted incest because both rely upon the fact that the defendant is the victim's father. However, incest consists solely of engaging in sexual penetration with a person known to be within a designated kinship range,

5

including a child.  <u>See</u> T.C.A. § 39-15-302(a).  As for enhancement factor (15), the mere fact that the defendant is the victim's father does not justify its application.  It is the actual nature of the relationship, including legal duties, that may form a position of trust.  <u>See</u> <u>State v. Kissinger</u>, 922 S.W.2d 482, 488-89 (Tenn. 1996).  Thus, a position of trust is not an element of an incest-related offense.

Despite the trial court's inappropriate consideration of enhancement factor (4), it properly relied upon the defendant's history of criminal convictions and behavior, enhancement factor (1), and his abuse of trust, enhancement factor (15).  Given the fact that his prior history includes drinking-related offenses and a sexual assault, circumstances shown to exist in the present case, the prior convictions and conduct are entitled to substantial weight.  Considering the foregoing with the fact that no mitigating circumstances were found by the trial court to exist, I see nothing wrong with the sentences imposed by the trial court.

In conclusion, I would reverse the convictions for the attempted rape, attempted incest, and sexual battery and remand the case for a new trial.  Moreover, I would dismiss the writ of error coram nobis case as being prematurely filed.

_____
Joseph M. Tipton, Judge