# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

Assigned on Briefs November 10, 2011

# GARY WAYNE GARRETT v. CHERRY LINDAMOOD, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 14943    Stella Hargrove, Judge**

---

**No. M2010-02662-CCA-R3-HC - December 21, 2011**

---

The Petitioner, Gary Wayne Garrett, appeals the Wayne County Circuit Court's dismissal of his petition seeking a writ of habeas corpus. The Petitioner contends that his convictions are void. Upon a review of the record in this case, we conclude that the habeas court properly denied the petition for habeas corpus relief. Accordingly, the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Gary Wayne Garrett, pro se, Clifton, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; T. Michel Bottoms, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts and Procedural History

A Davidson County jury convicted the Petitioner of multiple offenses as charged in sixteen counts of an eighteen-count indictment. On direct appeal, this Court summarized the Petitioner's convictions and sentences as follows:

Count 1-First degree burglary-8 years.

Count 2-Petit larceny-2 years.

Count 3-Aggravated rape-30 years.

Count 4-Aggravated rape-30 years.

Count 5-First degree burglary while in possession of a firearm-11 years.

Count 6-Aggravated rape-30 years.

Count 7-Aggravated rape-30 years.

Count 8-First degree burglary while in possession of a firearm-11 years.

Count 9-Assault with intent to commit rape while employing a firearm (6 years, plus 5 years for employing firearm)-11 years.

Count 10-First degree burglary-8 years.

Count 11-Rape-10 years.

Count 12-Rape-10 years.

Count 14-First degree burglary, while in possession of firearm-11 years.

Count 15-Aggravated rape-30 years.

Count 16-Aggravated rape-30 years.

Count 18-Attempt to commit a felony, to-wit: first degree burglary, while employing a firearm (3 years, plus 5 years for employing firearm)-8 years.

*State v. Gary Wayne Garrett*, NO. C.C.A. 86-274-III, 1988 WL 3625, at *1 (Tenn. Crim. App., at Nashville, Jan. 20, 1988) *perm. app. denied* (Tenn. April 4, 1988). On direct appeal, this Court affirmed the Petitioner's convictions. *Id.* Thereafter, the Petitioner filed a petition seeking post-conviction relief based upon a claim of ineffective assistance of counsel. This Court affirmed the post-conviction court's denial of this request for

relief. *Gary Wayne Garrett v. State*, No. 01C019202CR00058, 1992 WL 389657 (Tenn. Crim. App., at Nashville, Dec. 31, 1992) *perm. app. denied* (Tenn. June 7, 1993). The Petitioner filed two other post-conviction petitions, both of which were denied as time-barred. The Petitioner then filed a petition pursuant to the Post-Conviction DNA Analysis Act of 2001. By order in accordance with Rule 20 of the Rules of the Court of Criminal Appeals, this Court affirmed the post-conviction court's dismissal of the petition based upon DNA analysis results that were unfavorable to the Petitioner.

In September 2010, the Petitioner filed, in Wayne County, the habeas corpus petition that is the subject of this appeal. The Petitioner challenged his 1986 convictions in Davidson County Criminal Court because of "facially defective indictments." The Petitioner attached his indictments, judgments of conviction, and a copy of the trial transcript. The State filed a motion to dismiss because the indictments were not defective and the judgments were not void. The trial court dismissed the petition, finding that the Petitioner was not entitled to relief on the merits.

## II. Analysis

On appeal, the Petitioner maintains that his judgments are void. The State counters that the Petitioner failed to establish any defect in the indictments. Therefore, the State argues, the habeas court's dismissal of the Petitioner's petition was not in error. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn.

2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, *see Haggard v. State*, 475 S.W.2d 186, 187–88 (Tenn. Crim. App. 1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). An indictment meets constitutional requirements if it provides sufficient information: (1) to enable the accused to know the accusation to which an answer is required, (2) to furnish the court an adequate basis for the entry of a proper judgment; and (3) to protect the accused from double jeopardy. *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, an indictment must state the facts of the offense in ordinary and concise language "in a manner so as to enable a person of common understanding to know what is intended." T.C.A. § 40-13-202.

The Petitioner's petition seeking habeas corpus relief relies on the argument that his indictments are "facially defective." In its motion to dismiss, the State responded that the allegations in the indictments are patterned after the respective statute, statutory citation is provided and sufficient facts are alleged. In the Petitioner's appellate brief, he asserts that the State has "misinterpreted the facts and evidence submitted by petitioner." The Petitioner focuses his argument on five issues, some of which still go to the effectiveness of the indictment. The State's appellate brief addresses only the issue of the indictment so the Petitioner filed a reply brief again contending that the State "misinterpreted the facts and evidence submitted" and stating that he "**is not** asserting his claim is based on all 18 counts of his indictments are void based on the [State]'s argument or interpretation that petitioner's issues in his petition is based on defective indictments." The Petitioner then lays out five issues, he believes, that require habeas corpus relief.

First, he claims that he can not be convicted of both burglary and petit larceny

4

based upon a case[1] indicating that larceny "is embraced in the burglary charge."  The Petitioner misunderstands the law as it relates to this issue.  In *Carter v. State*, the defendant was convicted of both burglary and grand larceny for breaking into a residence and stealing a television set.  447 S.W.2d 115 (Tenn. Crim. App. 1969).  This Court held that, under the specific facts of that case, the defendant could not be convicted of both burglary and larceny for the single offense of taking a television set.  *Id.* at 119.    The attendant felony to the burglary charge in the indictment in this case is rape not theft, therefore, the law upon which the Petitioner relies is inapplicable.  Furthermore, *Carter* cited *Cronan v. State*, 82 S.W. 477 (Tenn. 1904) in support of its holding that the Defendant could not be convicted of both burglary and grand larceny.  *Cronan*, however, was no longer the applicable law at the time of the commission of the offenses in this case.  The Tennessee Supreme Court overruled *Cronan* in *State v. Davis*, 613 S.W.2d 218, 221 (Tenn. 1981), holding that burglary with the intent to commit larceny and larceny arising out of the same criminal transaction may result in separate convictions.

Next, the Petitioner argues that Tennessee Code Annotated, section, 39-6-1710(b) (1982) required that the trial court order count eight and count nine to run consecutively with one another.  And, because the trial court ordered the two sentences to run concurrent to one another, his sentence "directly contraven[es] the statute mandate."  The statute section upon which the Petitioner relies, however, refers to crimes involving a destructive device and is inapplicable to the Petitioner's convictions.

The Petitioner's third assertion is that the trial court was not authorized by statute to sentence him to eight years for his conviction for attempted burglary.  The Petitioner relies upon Tennessee Code Annotated, section, 39-1-501 (1982).  This statute provides for a punishment "not exceeding 5 years" for attempted felonies.  The Petitioner was sentenced to three years for his attempt to commit first degree burglary.  The Petitioner was sentenced to five years for carrying a weapon in violation of Tennessee Code Annotated, section, 39-6-1710(a) (1982) for a total sentence of eight years.  Therefore, the Petitioner's sentence in count eighteen was authorized by the applicable statutes at the time of sentencing.

Next, the Petitioner argues that the indictments in count 1, 5, 8, and 10 fail to

---

[1]  The Defendant does not give a legal citation for the case he references, however, he quotes from "Notes to Decision" "Included Offenses."  Finding the corresponding language in the notes following the burglary statute, we were able to identify the Petitioner's reference.

include essential elements of the offense of burglary and "the [Petitioner]'s name and the time the crime was committed." Our review of the indictments in this case reveal that each of these indictments contain the Petitioner's name, the date of the burglary, that the burglary occurred at night, and the required elements of burglary at the time of these offenses.

The Petitioner's last issue is that counts 3, 4, 6, 7, 11,12, 15, and 16 fail to allege the essential elements of the offenses charged. Our review of the indictments, indicate that each of these indictments, which charge the Petitioner with either aggravated rape or rape, contain the essential elements of the charged offense.

The Petitioner has not satisfied his burden of showing by a preponderance of the evidence that the convictions are void or that the prison term has expired. *State v. Davenport,* 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). As such, the Petitioner is not entitled to habeas corpus relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we conclude that the petition lacks merit. As such, we affirm the judgment of the habeas court.

_____
ROBERT W. WEDEMEYER, JUDGE