# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### January 19, 2000 Session

## STATE OF TENNESSEE v. MICHAEL P. INLOW

**Appeal as of Right from the Criminal Court for Williamson County**
**No. II-194-24      Timothy Easter, Judge**

---

**No. M1999-00092-CCA-R3-CD - Filed November 17, 2000**

---

On December 18, 1998, a Williamson County Jury convicted Michael Inlow, the defendant and appellant, of attempting to commit second-degree murder. Following a sentencing hearing, the court sentenced the defendant to serve twelve (12) years incarceration. On appeal, the defendant claims (1) that the evidence was insufficient to convict him; (2) that the trial court should have declared a mistrial after a witness referred to the defendant's prior criminal history; (3) that the trial court improperly allowed the jury to consider hearsay testimony; (4) that the trial court improperly instructed the jury regarding self-defense; and (5) that his sentence was excessive. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and L. T. LAFFERTY, SR.J., joined.

Ernest W. Williams, Franklin, Tennessee, attorney for the appellant, Michael P. Inlow.

Paul G. Summers, Attorney General and Reporter, Marvin E. Clements, Jr., and Ron Davis, District Attorney General and Derek K. Smith, Assistant District Attorney, attorneys for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

A feud began between the defendant and Mr. McDougal, two Brentwood High School students, that lasted several weeks. During that time, Colin Bain, an acquaintance of the two men, asked the defendant about the feud, and the defendant replied "[McDougal is] dead." Several days later, the defendant and Mr. McDougal almost fought in the Brentwood High School parking lot, but a school official intervened before the confrontation escalated. Following that incident, the defendant told an acquaintance, Jimmy Sullivan, "I've got something for [McDougal]. You'll see." The day after that statement, the defendant and the victim saw each other in the Brentwood High

School parking lot. Although Mr. McDougal initially had a metal bar in his hands, he discarded it as a crowd gathered around the pair. The defendant and Mr. McDougal began to fight. During the fight, the defendant pulled a knife from his jacket and stabbed Mr. McDougal once in the groin area and once in the abdomen. Mr. McDougal screamed, and onlookers pulled the defendant away from Mr. McDougal. The defendant picked up the knife and left the scene, but turned himself in to police later. Mr. McDougal was treated for extensive injuries at a local hospital. He is permanently disabled.

The state charged the defendant with attempted first degree murder and aggravated assault. Before trial, the defendant made a motion in limine to preclude any mention of any other charges pending against the defendant, and the court granted the motion. However, when Mr. Bain testified, he mentioned that the defendant also faced "another charge." The defendant immediately moved for a mistrial, but the court denied the defendant's motion. Mr. Bain then told the jury, over objection, about the statement that the defendant made to Jimmy Sullivan. Jimmy Sullivan had already testified about the statement.

After the trial, the defendant moved the court to instruct the jury that they must consider whether the State had negated self defense beyond a reasonable doubt before they considered the defendant's guilt. Instead, the trial court instructed the jury on self-defense according to the pattern instruction. The jury convicted the defendant of attempted second-degree murder, a lesser included offense of attempted first-degree murder. The court sentenced the defendant to (12) years incarceration.

## SUFFICIENCY

The defendant first challenges the sufficiency of the evidence. Specifically, the defendant argues that no evidence was introduced at trial showing that he intended to kill the victim. When an appeal challenges the sufficiency of the evidence, the standard of review is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); State v. Evans, 838 S.W.2d 185, 190-91 (Tenn. 1992), cert. denied, 510 U.S. 1064, 114 S. Ct. 740, 126 L. Ed. 2d 702 (1994); Tenn. R. App. P. 13(e). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). This court will not reweigh the evidence, re-evaluate the evidence, or substitute its evidentiary inferences for those reached by the jury. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Once approved by the trial court, a jury verdict accredits the witnesses presented by the State and resolves all conflicts in favor of the State. State v. Hatchett, 560 S.W.2d 627 (Tenn. 1978); State v. Townsend, 525 S.W.2d 842 (Tenn. 1975). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted exclusively to the jury as the trier of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984).

In order to convict a defendant of attempted second-degree murder, the state is required to prove that the defendant acted with the intent to cause the knowing killing of another, believing his conduct would cause the result without further conduct on his part. Tenn. Code Ann. §§ 39-12-101(a)(2) and 39-13-210(a). Whether the appellant "knowingly" attempted to kill his victim

is a question of fact for the jury.  Intent, which can seldom be proven by direct evidence, may be deduced or inferred by the trier of fact from the character of the assault, the nature of the act and from all the circumstances of the case in evidence.  State v. Holland, 860 S.W.2d 53, 59 (Tenn. Crim. App. 1993).

In this case, there was evidence that the defendant and the victim had been involved in a feud for some time before the stabbing.  Indeed, the state presented testimony that, before the day of the stabbing, the defendant made statements that could easily have been interpreted as threats.  Furthermore, immediately before the fight, the victim was unarmed and the defendant had a knife in his pocket.  After only a brief struggle, the defendant was on top of the victim, and the defendant stabbed the victim from this position.  It is uncontested that the wounds were severe.  The jury could have found that the defendant's conduct was reasonably certain to cause the victim's death, that he was not acting in self-defense, and that he intended to kill the victim based upon the use of a deadly weapon, the seriousness of the wounds inflicted and the appellant's statements.  State v. Elder, 982 S.W.2d 871, 875-76 (Tenn. Crim. App. 1998).  In short, we find the evidence sufficient to support the jury's verdict of attempted second-degree murder.
This issue is without merit.


## **MISTRIAL**

The defendant also claims that the trial court erred by refusing to grant a mistrial after one of the state's witnesses made a reference to the defendant's criminal history.  During the state's direct examination of Colin Bain, an acquaintance of both the victim and the defendant, the prosecutor asked Mr. Bain whether he had spoken to the prosecutor about Mr. Sullivan, another witness in the case.  Mr. Bain responded that he had.  The prosecutor then asked Mr. Bain why he had been discussing Jimmy Sullivan, and Mr. Bain responded

> I'm not quite sure.  I think he was in court for another charge, and the name got brought up and I started talking to you about the stabbing case, and I was telling you what exactly I knew, and Jimmy's name got brought into it.

The defendant immediately objected that the witness's reference to "another charge" both violated the trial court's ruling excluding evidence of the defendant's prior criminal history and so prejudiced the jury that a mistrial was required.  After excusing the jury and hearing arguments, the court denied the defendant's motion.

The law is well-settled that the decision of whether or not to enter a mistrial rests within the sound discretion of the trial court.  This court will not interfere with the trial court's decision absent a clear abuse of discretion on the record.  State v. Adkins, 786 S.W.2d 642, 644 (Tenn. 1990); State v. Allen, 976 S.W.2d 661, 668 (Tenn. Crim. App. 1997).  The entry of a mistrial is appropriate when the trial of an accused cannot continue, or, if the trial were to continue, a miscarriage of justice would occur.  State v. McPherson, 882 S.W.2d 365, 370 (Tenn. Crim. App. 1994).  A mistrial should be declared in a criminal case only when there is a "manifest necessity" requiring such action by the trial judge.  State v. Millbrooks, 819 S.W.2d 441, 443 (Tenn. Crim. App. 1991).  Only when there is "no feasible alternative to halting the proceedings" can a manifest necessity be shown.  State v. Knight, 616 S.W.2d 593, 596 (Tenn. Crim. App. 1981).  The appellant has the burden of establishing

the existence of a manifest necessity. State v. Arnold, 563 S.W.2d 792, 794 (Tenn. Crim. App. 1977).

In this case, the trial court had granted the defendant's motion *in limine* seeking to prevent the state from eliciting any testimony that, at the time of trial the defendant had an assault charge pending against him. After Mr. Bain testified that his conversation with the prosecutor arose because the defendant was in court facing "another charge," the prosecutor informed the court that the other charge to which Mr. Bain referred was not the pending assault charge, but was, instead, a Driving Under the Influence charge that had been reduced to Driving While Impaired. Neither the trial court nor the defense attorney was aware of the D.W.I. charge. The prosecutor also apologized and admitted that Mr. Bain may have been absent when he instructed the other witnesses not to refer to the pending assault charge. The trial court then denied the defendant's motion for a mistrial. After refusing to grant the defendant's motion for a mistrial, the court instructed the jury that the other charge about which Mr. Bain spoke was a "minor misdemeanor" and that the jury was to disregard Mr. Bain's reference to it.[1]

Mr. Bain's brief and somewhat confusing reference to "another charge" did not necessitate a mistrial, because the trial court's immediate instruction likely cured any prejudicial effect the defendant may have suffered as a result of the testimony.[2] "It is an elementary principle of law that jurors are presumed to follow the instructions of the trial court." State v. Williams, 977 S.W.2d 101, 106 (Tenn. 1998). This issue is without merit.

## HEARSAY

Next, the defendant complains that the trial court erred by allowing the state to offer hearsay testimony at trial. The night before the stabbing, the defendant told Jimmy Sullivan, "I've got something for [Mr. McDougal]. You'll see." Mr. Sullivan testified about the statement on direct examination. On cross-examination, the defense questioned the veracity of Mr. Sullivan's testimony. Next, Mr. Bain testified about the statement, and the defense objected that the statement was hearsay. The prosecutor responded that Mr. Bain's testimony was offered only to rebut the defendant's cross-examination of Mr. Sullivan which suggested that Mr. Sullivan lied about the statement. The trial court agreed and overruled the objection.

Ordinarily, prior consistent statements of a witness are not admissible to bolster the witness' credibility. State v. Braggs, 604 S.W.2d 883, 885 (Tenn. Crim. App. 1980). However, "prior consistent statements may be admissible . . . to rehabilitate a witness when insinuations of recent fabrication have been made, or when deliberate falsehood has been implied." State v. Benton, 759 S.W.2d 427, 433 (Tenn. Crim. App.1988). Before prior consistent statements may be admissible, the witness' testimony must have been assailed or attacked to the extent that the witness' testimony needs rehabilitating. Id. at 434. In this case, the defense repeatedly asked Mr. Sullivan whether he had reported the defendant's statement to police, insinuating that Mr. Sullivan failed to do so because the defendant never made the statement. Mr. Bain's testimony merely served to rehabilitate Mr.

---

[1] The trial court gave the defendant the option of either ignoring the testimony or having the jury instructed that the charge was a minor misdemeanor and that the jury was to disregard it. Obviously, the defendant chose the latter.

[2] Indeed, it is unclear from the witness's testimony that he was even referring to the defendant.

-4-

Sullivan's credibility which had just been attacked.  See State v. Livingston, 907 S.W.2d 392, 398(Tenn. 1995).  Thus, there was no error in the admission of the testimony.
This issue is without merit.


## JURY INSTRUCTIONS

At trial, the defendant requested that the jury be instructed that it must first consider whether the defendant acted in self-defense before considering whether he was guilty of the charged offense. Instead, the trial court instructed the jury concerning self-defense according to T.P.I. --Crim. 40.06. The instruction was given before the court instructed the jury about the substantive charges, but after the court instructed the jury about circumstantial evidence, the burden of proof, and the credibility of the witnesses.  Here, the appellant claims that the order and the content of the instructions given by the trial court were erroneous.

When the trial judge gives instructions that correctly, fully, and fairly set forth the applicable law, it is not error to refuse to give a special requested instruction. State v. Forbes, 918 S.W.2d 431, 447 (Tenn. Crim. App. 1995).  We must review the entire charge and invalidate it only if, when read as a whole, it fails to fairly submit the legal issues or misleads the jury as to the applicable law.  State v. Phipps, 883 S.W.2d 138, 142 (Tenn. Crim. App. 1994).  T.P.I. --Crim. 40.06 is an accurate statement of the law regarding self-defense.  See Tenn. Code Ann § 39-11-611.  Thus, the trial court did not err in its self-defense instruction.  This issue has no merit.


## SENTENCING

In the appellant's last issue, he contends that the trial court erred in its imposition of a twelve (12) year sentence.  Review, by this court, of the length, range, or manner of service of a sentence is de novo with a presumption that the determination made by the trial court is correct.  Tenn. Code Ann. § 40-35-401(d).  This presumption only applies, however, if the record demonstrates that the trial court properly considered all relevant sentencing principles.  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  In making our review, this court must consider the evidence heard at trial and at sentencing, the presentence report, the arguments of counsel, the nature and characteristics of the offense, any mitigating and enhancement factors, the appellant's statements, and the appellant's potential for rehabilitation.  Tenn. Code Ann. §§ 40-35-102, -103(5), -210(b).  However, the burden is on the appellant to show that the sentence imposed was improper.  Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

First, the defendant claims that the trial court erred by rejecting several mitigating factors offered by the defendant.  The defendant sought mitigation based on the following five (5) factors:

> That the defendant acted under strong provocation. Tenn. Code Ann.
> § 40-35-113(2);
>
> That substantial grounds existed tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense. Tenn. Code Ann. § 40-35-113(3);
>
> That because of the defendant's youth, he lacked substantial judgment in committing the offense.  Tenn. Code Ann. § 40-35-113(6);

That the defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct. Tenn. Code Ann. § 40-35-113(11); and

That the defendant acted under duress or under the domination of another person, even though the duress or domination of another person is not sufficient to constitute a defense to the crime. Tenn. Code. Ann. § 40-35-113(12).

The court found that the defendant's youth was mitigating but rejected the other four proposed factors because Mr. Bain's and Mr. Sullivan's testimony convinced the court that the defendant was not provoked or acting under duress at the time of the offense. The defendant now claims that the court's rejection of these factors was impermissibly based on the testimony of Mr. Bain and Mr. Sullivan. As stated above, however, Mr. Bain's and Mr Sullivan's testimony was properly admitted. Thus, the trial court's reliance on that testimony was proper.

The defendant also claims that the sentence was excessive. The court properly found the existence of four (4) enhancement factors[3] and one mitigating factor. The court further found that the effect of the enhancement factors "substantially outweighed" the mitigating circumstances and sentenced the defendant to twelve (12) years in the Department of Corrections, the maximum within the sentencing range. Finally, after noting the cavalier attitude of the defendant and the other witnesses regarding violence, the court found that the sentence was necessary to avoid depreciating the seriousness of the offense and to deter others. See Tenn. Code Ann. § 40-35-102(3)(A). The defendant has not overcome the presumption of correctness applicable the trial court's sentence in this case. This issue is without merit.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY SMITH, JUDGE

---

[3]Tenn. Code Ann. §§ 40-35-114(1), -114(6), -114(9), -114(17).