# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 27, 2009

## STATE OF TENNESSEE v. DANNY LEE GREENE

### Direct Appeal from the Criminal Court for Washington County
### No. 31527     Jerry Beck, Judge

### No. E2008-02423-CCA-R3-CD - Filed June 21, 2010

The defendant, Danny Lee Greene, was convicted by a jury of second degree murder and sentenced to twenty-three years as a violent offender. On appeal, he contends that the trial court improperly denied him a jury instruction concerning voluntary intoxication. After careful review, we conclude no error exists and affirm the judgment from the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Donald E. Spurrell, Johnson City, Tennessee, for the appellant, Danny Lee Greene.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; and Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The victim was shot and killed on June 28, 2005, outside the Days Inn on North Roan Street in Johnson City. The victim and his girlfriend were staying at the hotel, and he was killed after going outside to retrieve his girlfriend's sweater from their car. The defendant and a co-defendant, his cousin Jason Austin, traveled to the hotel to confront the victim because of an incident between Austin and the victim a few days earlier. A third co-defendant, Marc Coffey, was charged with facilitation of the crime because he drove the defendant and Austin to the hotel.

The proof at trial reflected that the victim and Austin had been involved in an incident while driving in Johnson City on June 22, 2005. Austin was driving with his girlfriend when they noticed the victim. Austin's girlfriend laughed at the victim because he was wearing pink clothing. The victim saw her laugh, and he cursed her, threatened her, and brandished a gun. Austin and his girlfriend fled from the victim.

Around 4:00 a.m. on the morning of June 28, Austin and his girlfriend were leaving a store in Johnson City when they observed the victim's car in the parking lot of the Days Inn. They returned to the defendant's home, where they had been the previous evening, and Austin and the defendant formed a plan to assault the victim. Multiple witnesses saw the defendant arm himself with a pistol before he left his home.

The defendant and Austin met Coffey in the parking lot of the North Johnson City Baptist Church after he agreed to drive the men to the hotel because Austin promised to repay a debt and to give him drugs. When they arrived at the Days Inn, the defendant and Austin saw the victim in the parking lot and approached him. They spoke briefly before Austin drew a pistol and struck the victim in the face. The defendant then drew a pistol, and the victim attempted to run away. The victim's shorts fell down as he was running, and the defendant and Austin fired shots at him. The victim fell to the ground and did not move. Coffey testified that the victim did not reach for a weapon or try to strike either the defendant or Austin. After the shooting, the men jumped into the bed of the truck and returned to the church parking lot.

Testimony at trial demonstrated that the victim was shot once in the left thigh with the bullet lodging in his left hand and once in the back with the bullet lodging in his brain. The bullet that severed the victim's spinal cord was identified as the specific cause of the victim's death and was fired from the gun employed by the defendant.

Analysis

On appeal, the defendant argues that the trial court erred in failing to charge the jury with an instruction that they could consider his voluntary intoxication pursuant to his claim of self-defense. Under the United States and Tennessee Constitutions, a defendant has a right to trial by jury. *State v. Garrison*, 40 S.W.3d 426, 432 (Tenn. 2000). A defendant also "has a right to a correct and complete charge of the law, so that each issue of fact raised by the evidence will be submitted to the jury on proper instructions." *Id.* In evaluating claims of error in jury instructions, courts must remember that "jurors do not sit in solitary isolation booths parsing instructions for subtle shades of meaning." *State v. Vann*, 976 S.W.2d 93, 101 (quoting *Boyde v. California*, 494 U.S. 370, 380-81 (1990)). Therefore, we review a jury charge to determine if it fairly defined the legal issues involved and did not mislead the jury.

*See State v. Hall*, 958 S.W.2d 679, 696 (Tenn. 1997). When the trial court's instructions to the jury correctly, fully, and fairly state the applicable law, it is not error to refuse to give a special requested instruction. *State v. Inlow*, 52 S.W.3d 101, 107 (Tenn. Crim. App. 2000); *State v. Forbes*, 918 S.W.2d 431, 447 (Tenn. Crim. App. 1995). This court must review the entire jury charge; we can find error only if, when read as a whole, the charge fails to fairly submit the legal issues or misleads the jury as to the applicable law. *State v. Phipps*, 883 S.W.2d 138, 142 (Tenn. Crim. App. 1994).

Intoxication does not constitute a defense except in the context of involuntary intoxication, which results in a substantial inability on the defendant's part to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the violated statute. T.C.A. § 39-11-503 (2006). Voluntary intoxication is not a defense to second degree murder. T.C.A. § 39-11-503(a). Proof of extreme intoxication, where relevant to negate the mental state necessary for crimes of intent, warrants a jury instruction as to the effect of the intoxication on the defendant's ability to form the intent required to convict the defendant of the crime charged. *State v. Williamson*, 919 S.W.2d 69, 80 (Tenn. Crim. App. 1995).

Here, the defendant was charged with first degree premeditated murder and was convicted of the lesser included offense of second degree murder. The only evidence offered that the defendant was intoxicated was his own testimony that he had been awake for a week as a result of cocaine usage and a vague statement by his wife that he had been awake for five days. The defendant testified that he volunteered to go with Austin to confront the victim. The defendant acknowledged that he armed himself with a pistol. He testified about his recollection of the events leading up to the shooting but did not allege that his actions were due to his consumption of cocaine or any other intoxicating substance. Additionally, the defendant did not request an instruction as to intoxication. The trial court reviewed the record pursuant to the defendant's motion for new trial and concluded that no proof was offered to demonstrate that the defendant was intoxicated at the time of the shooting which prevented him from forming the requisite intent for his actions as charged in the indictment. On appeal, the defendant has not demonstrated any error in that finding. The State argues, and we agree, that even if error could be shown, the jury's conviction of the defendant of second degree murder defined as a knowing killing of another rather than an intentional and premeditated killing, the crime for which he was indicted, demonstrates that the absence of a special instruction had no effect on the defendant's conviction. *See State v. Locke*, 90 S.W.3d 663, 672 (Tenn. 2002).

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the trial court.

_____

JOHN EVERETT WILLIAMS, JUDGE