# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs at Knoxville October 15, 2013

## STATE OF TENNESSEE v. WESLEY M. GIFFORD, JR.

**Appeal from the Circuit Court for Marion County**
**No. 8923     Thomas W. Graham, Judge**

**No. M2013-00253-CCA-R3-CD - Filed January 30, 2014**

JEFFREY S. BIVINS, J., concurring.

I concur in the results reached in the majority opinion. Indeed, I join in the majority opinion on all but one issue. I write separately to address the issue of the trial court's admission of the prior bad act of the Defendant's exposing himself to Pamela through the back window of a truck "a few days earlier." The majority holds that it was error, albeit harmless, for the trial court to admit this evidence under Rule 404(b) of the Rules of Evidence. The majority concludes that this evidence was only marginally relevant, and, therefore, the risk of unfair prejudice to the Defendant outweighed the relevance of the evidence. The majority emphasizes that the Defendant also was on trial for indecent exposure.

I disagree. In my opinion, the prior act was highly relevant in proving the offense of attempted aggravated burglary. Although the risk of unfair prejudice is somewhat high given that the Defendant also was charged with indecent exposure, the mere fact that the prior bad act is one of the same nature as one of the crimes charged does not mandate exclusion of the evidence. See, e.g., State v. Daniel H. Jones, No. E2010-00016-CCA-R3-CD, 2011 WL 2347711, at *5 (Tenn. Crim. App. June 6, 2011), perm. app. denied (Tenn. 2011)(finding no error in admission of evidence regarding defendant's prior uncharged cocaine possession in affirming conviction on charge of possession of cocaine with intent to sell).

Under the facts of this case, I cannot conclude that the trial court abused its discretion in finding that the evidence was admissible to show the Defendant's intent to commit a sexual assault for the purposes of establishing the crime of attempted aggravated burglary. A person commits an aggravated burglary who enters a habitation without consent of the owner "with intent to commit a felony, theft, or assault" therein. Tenn. Code Ann. §§ 39-14-402, 403 (2006). For the purpose of establishing the intent element of burglary, "'[o]ne's actions are circumstantial evidence of his intent.'" State v. Holland, 860 S.W.2d 53, 59

(Tenn. Crim. App. 1993) (quoting State v. Barker, 642 S.W.2d 735, 737 (Tenn. Crim. App. 1982)).  Moreover, "it is within the authority of the jury to infer the defendant's intent . . . from surrounding facts and circumstances."  State v. Brown, 311 S.W.3d 422, 432 (Tenn. 2010) (quoting State v. Lowry, 667 S.W.2d 52, 57 (Tenn. 1984)); see also State v. Inlow, 52 S.W.3d 101, 105 (Tenn. Crim. App. 2000) ("Intent, which can seldom be proven by direct evidence, may be deduced or inferred by the trier of fact . . . from all the circumstances of the case in evidence.").  Pamela's testimony that the Defendant exposed himself to her on a prior occasion was highly relevant to the jury's determination of whether the Defendant had the requisite intent with regard to his attempted entry.  As a result of the highly probative nature of the evidence, the relevance of this evidence is not outweighed by the danger of unfair prejudice.  Accordingly, I would hold that the trial court did not abuse its discretion in admitting this testimony.


_____
JEFFREY S. BIVINS, JUDGE