IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs at Jackson October 1, 2024

## STATE OF TENNESSEE v. PAUL L. FOUTNER

**Appeal from the Criminal Court for Knox County**
**No. 119569   Steven Wayne Sword, Judge**

_____

**No. E2024-00054-CCA-R3-CD**

_____

Paul L. Foutner, Defendant, was indicted for first degree murder, three counts of attempted first degree murder, reckless endangerment, two counts of employing a firearm in the commission of a dangerous felony, and one count of felon in possession of a firearm for his role in a shooting in Knoxville.  The trial court dismissed the reckless endangerment charge before trial, and a jury convicted Defendant of second degree murder, attempted second degree murder, two counts of reckless endangerment, employing a firearm in the commission of a dangerous felony, employing a firearm in the commission of a dangerous felony with a prior violent felony, and felon in possession of a firearm.  Defendant received an effective sentence of 54 years.  On appeal, Defendant challenges the sufficiency of the evidence to support his convictions for second degree murder and attempted second degree murder.  Because the evidence is sufficient to support the convictions, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR. and MATTHEW J. WILSON, JJ., joined.

Gerald L. Gulley, Jr. (on appeal); and Mary Ward (at trial), Knoxville, Tennessee, for the appellant, Paul L. Foutner.

Jonathan Skrmetti, Attorney General and Reporter; J. Katie Neff (pro hac vice), Assistant Attorney General; Charme P. Allen, District Attorney General; and Joanie Stewart and Sean Roberts, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

On February 17, 2021, Knox County 911 received several calls reporting a shooting at the intersection of Atlantic and Central Streets. When officers arrived, they discovered Tamara Lynn Russell, the driver of a white van, had been shot in the head. She was unconscious and later died from her injuries.

An investigation led to the issuance of an eight-count indictment against Defendant. He was charged with one count of the first degree murder of Ms. Russell in Count 1; one count of the attempted first degree murder of Zachary Haynes in Count 2; one count of the attempted first degree murder of K.M.[1] in Count 3; one count of the attempted first degree murder of Donald L. Andrews in Count 4; reckless endangerment in Count 5; two counts of employing a firearm in the commission of a dangerous felony in Counts 6 and 7; and one count of felon in possession of a firearm in Count 8. The trial court dismissed Count 5 prior to trial.

At trial, testimony established that Defendant was a passenger in the back seat of a Jeep being driven by Whitney Collins. Shayla Harris rode in the front seat. The three were "riding around" without a real destination. They stopped to get food at Jackie's Dream and picked up some marijuana to smoke. As they approached a narrow section of Central Street, Ms. Russell's white van pulled up behind them. Ms. Russell's boyfriend, Mr. Haynes, was in the passenger seat. Ms. Russell drove the van on the left side of the Jeep and almost hit the Jeep. Ms. Harris began to yell "road rage and stuff" at the white van, and Ms. Russell and Mr. Haynes yelled back. The two vehicles stopped at a red light. Ms. Harris opened the door to the Jeep and stepped a foot out of the vehicle. The passenger of the van stepped out the van and walked around his door. Defendant was on the phone arguing with his wife.

Then, Defendant exited the black Jeep, acting "casual calm." He walked toward the van, drew a gun, and fired nine rounds toward the van with a handgun. Witnesses described that Defendant was "a couple [of] feet" from the van as he fired. Ms. Russell was struck by one of the shots in the back of the head. She lost control of the van and crashed into a wall in a nearby parking lot. An elementary school bus was hit by three bullets, nearly striking the driver, Mr. Andrews, and a special needs student, K.M., who was riding on the bus. The walls of a local business were also penetrated by a bullet. The Jeep was also hit with bullets, shattering the back window and striking the back license plate. Defendant got back into the Jeep. Ms. Collins drove away quickly and backed the Jeep into a parking spot at an apartment complex. Ms. Collins called her sister to pick them up. They eventually dropped Defendant off near his house.

---

[1] We refer to K.M. by her initials because she was a minor when these events occurred.

Ms. Russell was taken to a nearby hospital where she died two days later. The medical examiner confirmed that she died from a gunshot wound to the back of her head. Mr. Haynes was not injured but died several months later from an unrelated cause.

Video surveillance from nearby businesses showed the white van and the Jeep. One of the videos showed Defendant walking on the street and jumping into the Jeep as the white van crashed into the wall. The video also showed the school bus. The bus was near the intersection very close to the white van. Investigators were able to locate nine shell casings and an unfired bullet. They were all fired from the same firearm.

Defendant denied all knowledge of the shooting when he was interviewed by investigators, but his hands tested positive for gunshot residue. The firearm was not located after a search of the Jeep and Defendant's home.

The jury found Defendant guilty of the lesser included offense of the second degree murder of Ms. Russell in Count 1, the attempted second degree murder of Mr. Haynes in Count 2, the reckless endangerment of K.M. and Mr. Andrews in Counts 3 and 4, employing a firearm in the commission of a dangerous felony in Count 6, employing a firearm in the commission of a dangerous felony with a prior violent felony in Count 7, and felon in possession of a weapon in Count 8. The trial court imposed a total effective sentence of 54 years in confinement.

After the denial of a motion for new trial in which Defendant challenged the sufficiency of the evidence and sentencing as well as arguing that cumulative error entitled him to relief, Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant challenges the sufficiency of the evidence to support his convictions for second degree murder and attempted second degree murder in Counts 1 and 2.[2] Specifically, he argues that he did not commit a "knowing killing" because while he "fired at the white van, he had no intention of killing anyone in the white van." Instead, Defendant insists that his conduct was reckless. The State contends that the proof was sufficient to support the convictions.

When examining whether the evidence presented at trial was sufficient to support a conviction, several well-settled principles guide our analysis. We determine "whether,

---

[2] Defendant does not challenge the sufficiency of the evidence of the remainder of his convictions. Therefore, we will not address these convictions on appeal. *See* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review.").

after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also* Tenn. R. App. P. 13(e). A guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). The defendant bears the burden on appeal to demonstrate that the evidence is insufficient to support his conviction. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

"[A] jury verdict, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). The State is entitled on appeal to "the strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom." *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003). As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Questions as to the credibility of witnesses and the weight of the evidence, as well as factual issues raised by such evidence, are resolved by the trier of fact, not this Court. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). These principles guide us "'whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

Second degree murder is the "knowing killing of another." T.C.A. § 39-13-210(a)(1). A person acts knowingly with respect to the result of his conduct when he is aware that the conduct is reasonably certain to cause the result. T.C.A. § 39-11-302(b). Whether a defendant acted knowingly is a question of fact for the jury. *State v. Inlow*, 52 S.W.3d 101, 104-05 (Tenn. Crim. App. 2000). The jury can rely on the "character of the assault, the nature of the act and . . . all the circumstances of the case in evidence" to assess the defendant's mental state. *Id.* at 105.

Criminal attempt is committed when a person, acting with the kind of culpability otherwise required for the offense, (1) intentionally engages in action or causes a result that would constitute an offense if the circumstances surrounding the conduct were as the person believes them to be; (2) acts with intent to cause a result that is an element of the offense and believes the conduct will cause the result without further conduct; or (3) acts with intent to complete a course of action or cause a result that would constitute the offense under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense. T.C.A. § 39-12-101(a). To prove that a defendant committed attempted second degree murder, the

State had to prove "that the defendant acted with the intent to cause the knowing killing of another, believing his conduct would cause the result without further conduct on his part." *Inlow*, 52 S.W.3d at 104.

In the light most favorable to the State, the proof at trial showed that Defendant exited the Jeep in which he was riding and fired multiple shots from a handgun as he walked toward the white van containing Ms. Russell and Mr. Haynes. He got within a couple of feet of the van as he fired at least nine rounds. Each of the bullets struck either the van or objects in the van's vicinity. Defendant immediately left the scene after the shooting. Ms. Russell's white van crashed into a wall and Defendant left without stopping to see if anyone inside the van was injured. Defendant and his companions abandoned the Jeep and denied involvement in the crime when he was eventually questioned by police. In our view, the evidence was sufficient for the jury to determine that Defendant was aware that firing nine shots within a few feet of the van was reasonably certain to kill Ms. Russell. Moreover, the jury could also reasonably find that Defendant acted with the intent to cause a knowing killing without further conduct on his part. *See Inlow*, 52 S.W.3d at 104.

The jury heard the proof and chose not to accept Defendant's insistence that his actions were merely reckless. This was their prerogative, and we will not reweigh the evidence. *State v. Smith*, 436 S.W.3d 751, 764 (Tenn. 2014). The evidence was sufficient to support the convictions. Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
TIMOTHY L. EASTER, JUDGE

- 5 -